See also D.C., 338 F.Supp. 262.

Ollie **BARNES** et al., Plaintiffs,

v.

**TARRYTOWN URBAN RENEWAL AGENCY** et al., Defendants.

No. 71 Civ. 4243.

United States District Court,
S. D. New York.

Dec. 14, 1972.

The Legal Aid Society of Westchester County, White Plains, N. Y., for plaintiffs; Martin A. Schwartz, John T. Hand, White Plains, N. Y., of counsel.

Orange County Legal Services Project, Inc., Middletown, N. Y., for plaintiff-intervenor; Dennis T. Barrett, Middletown, N. Y., of counsel.

Whitney North Seymour, Jr., U. S. Atty., New York City, for defendants George Romney, S. William Green and United States Department of Housing & Urban Development; Milton Sherman, New York City, of counsel.

Kreindler, Relkin, Olick & Goldberg, New York City, for defendants Tarrytown Urban Renewal Agency and Raymond M. Brown.

Bennett & O'Neill, Newburgh, N. Y., for defendants Newburgh Urban Renewal Agency and Jack Present.

## MEMORANDUM

LASKER, District Judge.

This is the final phase of a lengthy and complex litigation. Plaintiffs, occupants of buildings located on urban renewal project sites, sue the United States Department of Housing and Urban Development and its Secretary, George Romney (collectively referred to as HUD), and the Tarrytown and Newburgh Urban Renewal Agencies and their executive directors on behalf of all persons similarly situated. The object of the action is the establishment of administrative procedures for review of local urban renewal agency determinations as to adequacy of replacement housing and eligibility for and amount of relocation payments.

Since the return date of this motion, HUD has published for comment in the Federal Register proposed grievance procedures for local agency determinations of relocation financial assistance (37 Fed. Reg. 10386) and the moving parties have accordingly withdrawn their application for relief as to those matters. *Stipulation* of June 20, 1972. What remains to be decided is that part of the motion which seeks to oblige HUD to issue similar regulations governing determinations of the adequacy of relocation housing.

A brief history of the background of the action will show that plaintiffs are entitled to the relief sought. In an earlier decision in the case, Judge Gurfein,

on the representation of Curnell A. Thompson, Regional Relocation Advisor for Region II of HUD, that such regulations would be forthcoming and would take effect by the end of December, 1971 [*Affidavit* of October 21, 1971, par. 31], denied plaintiffs' motion for a preliminary injunction to order HUD to promulgate the regulations sought. 338 F.Supp. 257, 261 (S.D.N.Y.1971). In spite of this representation, now, almost a year later, no regulations have been promulgated.

HUD does not dispute its duty to adopt appropriate regulations. It urges us to deny plaintiffs' motion because it "is currently engaged in the preparation for publication in the Federal Register of an administrative procedure to enable persons who are dissatisfied with replacement housing offered to them to present their grievance to the local urban renewal agency and, if further review is desired, to HUD". *Affidavit* of Milton Sherman (attorney for HUD), par. 3. HUD officials estimated in August that the proposed regulations would be published for comment in the Federal Register by mid-September and would become effective in mid-October or shortly thereafter. *Id.* In spite of these more recent assertions, to this date the regulations have still not been published for comment.

Furthermore, HUD points out that it has made "an interim grievance procedure available to persons displaced by urban renewal activities within the State of New York." *Id.* at par. 5. Accordingly, HUD concludes that "at least within the State of New York, plaintiffs and their class will not be prejudiced by the short delay that is anticipated." *Id.*

The passages quoted from the opposing affidavit of HUD's attorney reveal the weakness of the second contention. All the parties to this action stipulated on June 19, 1972, to the existence of the elements of a class action pursuant to Rule 23(a) and (b)(2) Fed.R.Civ.P., which stipulation was so ordered by Judge Gurfein on July 20, 1972. The

order defined the class as "all persons resident in the United States who are occupants of buildings on urban renewal project sites, excluding commercial site occupants and home owners, and who may be denied safe, decent and adequate relocation housing accommodations without being given adequate notice and an evidentiary type hearing to challenge such determination." (Stipulation of June 19, 1972) Thus, affording interim protection to those members of the class who reside in New York State still leaves a large number of people confronted with agency action of major import deprived of the procedural safeguards to which they are entitled. These persons require and are entitled to relief which might not be necessary or appropriate for those, like New York residents, who apparently are currently protected.

In the circumstances the plaintiffs are entitled to the relief requested. There is no dispute that HUD is obligated to adopt appropriate regulations, and we so declare. While it is understandable that Judge Gurfein denied preliminary relief on the basis of the representations then made to him that regulations would be forthcoming by the end of December, 1971, a year has now passed since that date without HUD making good on its assurance. Since as indicated above HUD has long since drafted proposed regulations and has claimed its readiness to publish them for comment in mid-September, 1972, there is no reason to believe that an order requiring it to do so will impose any hardship. Nevertheless, although HUD will be enjoined to publish its proposed regulations, the effectiveness of injunctive relief will be stayed for sixty days to accommodate the final vagaries of bureaucratic action.

Plaintiffs' motion for summary judgment is granted. Submit order which shall include stay of execution of injunctive relief in accordance with the discussion above.